UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR N. HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>A. CONSTABLE, et al.,<br><br>Defendants. | No. 2:19-cv-02195 MCE DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding with a civil rights action under 42 U.S.C. § 1983. Before the court is plaintiff's motion for reconsideration of the denial of a default judgment. In a document filed March 5, 2021, plaintiff sought a default judgment based on defendants' belated request for an extension of time to respond to discovery. (ECF No. 51.) On March 9, the Clerk of the Court declined to enter a default. (ECF No. 52.) In his current motion, plaintiff reiterates the argument made in his March 5 request. He further contends the Clerk of the Court does not have the authority to decline to enter a default judgment. Plaintiff cites Federal Rule of Civil Procedure 55 and 42 U.S.C . §1985(2) in support of his arguments. (ECF No. 61.)

Pursuant to Rule 55, the Clerk of the Court has authority to enter a default judgment only when a defendant has not appeared in the action. By filing an answer, defendants appeared in this action. The court cannot enter default once a defendant has filed its responsive pleading. See Horton v. Sierra Conservation Ctr., No. 1:09–cv–01441 AWI SMS, 2010 WL 743849, at *1 (E.D.

1

Cal. Mar. 1, 2010) (citing Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1317 (11th Cir. 2002); Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 689 (9th Cir. 1988) (no default can be entered if defendant filed a response indicating intent to defend the action)), rep. and reco. adopted, 2010 WL 1267743 (E.D. Cal. Mar. 31, 2010).

The other legal basis cited by plaintiff is 42 U.S.C. § 1985(2). That section addresses conspiracies to deprive a party or other participant in a case of their civil rights. Plaintiff appears to allege that by declining to enter a default, the Clerk of the Court was engaging in some sort of conspiracy. Because, as stated above, the Clerk had authority to decline to enter default, section 1985(2) provides no grounds for plaintiff's contentions.

For these reasons, there is no basis for granting a default judgment here and plaintiff's motion for reconsideration should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for reconsideration of the denial of a default judgment (ECF No. 61) should be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 27, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB Prisoner Inbox/Civil Rights/R/hern2195.denial of default

2