UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR N. HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>A. CONSTABLE, et al.,<br><br>Defendants. | No. 2:19-cv-02195 MCE DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs when they refused to permit him to take his medication for hypertension. Before the court are plaintiff's motions to recuse the undersigned magistrate judge, for an extension of the discovery deadline, for sanctions, and for the appointment of counsel. For the reasons set forth below, this court denies plaintiff's motions.

**MOTION FOR RECUSAL**

**I. Legal Standards**

Federal law provides that a party may seek recusal of a judge based on bias or prejudice.

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

1

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The standard for recusal under 28 U.S.C. § 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 607, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source since a judge's previous adverse ruling alone is not sufficient for recusal. See id.

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. A judge who finds the affidavit legally sufficient must proceed no further under § 144 and must assign a different judge to hear the matter. See 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a § 144 affidavit is a judge obligated to reassign decision on merits to another judge)). If the affidavit is legally insufficient, then recusal should be denied. See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

**II. Analysis**

Plaintiff's motion for recusal in this case is substantively insufficient under § 144 because he fails to allege facts that would support the contention that the undersigned has exhibited bias or prejudice directed towards plaintiff from an extrajudicial source. See Sibla 624 F.2d at 868 ("An affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."). Plaintiff's motion for recusal alleges bias and prejudice

arising solely out of judicial actions taken by the undersigned. Plaintiff complains that the undersigned is biased against him based on the denial of plaintiff's motions filed in this case. (ECF No. 71.)

The issue raised by plaintiff in his motion for recusal is not a proper ground to disqualify a judge for bias and prejudice. As the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Instead, the judicial rulings are a basis for appeal, not recusal. See id. ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted).)

Because plaintiff's motion to recuse the undersigned is substantially insufficient under 28 U.S.C § 144, it will be denied.

**MOTIONS TO EXTEND DISCOVERY AND FOR SANCTIONS**

Plaintiff seeks to extend the discovery deadline.[1] He argues that this court has granted defendants' five requests to extend the discovery and dispositive motions deadlines. He claims one of defendants' reasons, that their counsel was preparing a response to plaintiff's appeal of the denial of a default judgment, was misleading because counsel had to have known plaintiff's appeal would be dismissed. As a sanction for defendants' conduct, plaintiff asks the court to grant his motion for an extension of time. (See ECF No. 75.)

Plaintiff provides no reason to extend the discovery deadline. First, plaintiff does not show why he was unable to conduct discovery during the time period permitted. Second, plaintiff

---

[1] Plaintiff also states that he "joins in" defendants' motion to extend the discovery deadline to October 15. (ECF No. 75 at 2.) This court is confused by that statement. Defendants' most recent motion sought to extend the dispositive motion deadline, not the discovery deadline, to September 25. (See ECF No. 70.) Defendants filed a motion for summary judgment on September 24. (ECF No. 76.)

does not explain what discovery he seeks to conduct. Third, plaintiff does not explain why he failed to move for an extension of the discovery deadline sooner. In this court's Discovery and Scheduling Order, the deadline for discovery was November 30, 2020. (ECF No. 32.) While plaintiff was granted a one-month extension of his time to respond to discovery (see ECF No. 43), the November 30 discovery deadline was not otherwise extended. Defendants have sought only extensions of the dispositive motion deadline since that time. Plaintiff shows no good cause to extend the discovery deadline. See Fed. R. Civ. P. 6(b) (scheduling deadlines may be extended upon a showing of good cause). His request will be denied.

In his motion for sanctions, plaintiff contends one of defendants' reasons for seeking an extension of time was misleading. Plaintiff points to defendants' assertion that they were busy preparing a response to plaintiff's appeal during the month before the Court of Appeals dismissed that appeal. For several reasons, this court finds plaintiff's motion baseless. First, Plaintiff chose to file an appeal. Defendants cannot be blamed for preparing to respond to that appeal, even if it was meritless. Second, the time spent preparing a response to the appeal was only one of the reasons defendants sought an extension of time. Defendants also explained that their counsel had an unusually high workload and needed additional time to complete a summary judgment motion. (See ECF No. 59.) Third, this court already found good cause for defendants' motion under Rule 6(b) of the Federal Rules of Civil Procedure. (ECF No. 60.) Plaintiff's motion for sanctions will be denied.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff states that he "renews" his prior motion for the appointment of counsel. (See ECF No. 75 at 2.) Plaintiff made three prior motions for the appointment of counsel. In his first motion, plaintiff argued that counsel was necessary to properly present his claims because plaintiff is a participant in the EOP mental health program and was assisted by another prisoner in completing his first amended complaint. (ECF No. 13.) This court denied plaintiff's motion without prejudice. (ECF No. 14.)

////

////

In his second motion, plaintiff argued that he required counsel because he cannot afford counsel and is untrained in the law. (ECF No. 27.) This court found no exceptional circumstances justified the appointment of counsel. (ECF No. 31.)

In his third motion, filed August 2, 2021, plaintiff asserted that he has a mental health disability and needed assistance with discovery. (ECF No. 68.) After noting that the discovery deadline expired in November 2020, this court again found no exceptional circumstances justified plaintiff's motion. (ECF No. 69.)

Plaintiff now seeks appointment of counsel because he needs assistance with discovery and because defendants have counsel. (ECF No. 75.) Because plaintiff provides no reason for this court to re-open discovery, his need for the appointment of counsel at this time is similarly without a basis. Further, the fact that defendants have counsel and plaintiff does not fails to amount to an extraordinary circumstance which would compel this court to request the voluntary assistance of an attorney. See Mundy v. Linke, No. 2:21-cv-0117 CKD P, 2021 WL 4243455, at *1 (E.D. Cal. Sept. 17, 2021) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.").

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for to disqualify the undersigned magistrate judge (ECF No. 71) is denied.

2. Plaintiff's motion for an extension of the discovery deadline (ECF No. 75) is denied.

3. Plaintiff's motion for sanctions (ECF No. 75) is denied.

4. Plaintiff's motion for the appointment of counsel (ECF No. 75) is denied.

Dated: September 27, 2021

DLB:9/DB Prisoner Inbox/Civil Rights/S/hern2195.recuse

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE