UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR N. HERNANDEZ, | No. 2:19-cv-2195 MCE DB P |
| Plaintiff, | |
| v. | ORDER |
| A. CONSTABLE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding with a civil rights action under 42 U.S.C. § 1983. On August 5, 2022, the court denied defendants' motion for summary judgment. Plaintiff has requested a settlement conference. Defendants respond that they are willing to attend a settlement conference. This court finds a settlement conference appropriate before the parties and court engage in trial preparation. Before scheduling a settlement conference, the parties shall inform the court whether they consent to have the undersigned magistrate judge conduct the conference or whether they wish to have a different magistrate judge conduct the conference.

Plaintiff also seeks the appointment of counsel. He argues that the issues in this case are complex, he has difficulty understanding the law, he suffers from a mental illness, and he takes "heavy" medications. Plaintiff provides copies of documents showing he was in the prison's mental health program in 2015 and that in 2019 he was taking several medications, including a mental health medication that "may cause drowsiness."

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances. Plaintiff has been able to argue his claims adequately and the evidence he presents regarding his mental health and medications is not current. Even if that evidence was current, it does not demonstrate that plaintiff will be unable to continue to argue his claims adequately in the future.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for a settlement conference (ECF No. 96) is granted. Within twenty days of the filed date of this order, the parties shall file statements informing the court whether they consent to have the undersigned magistrate judge conduct a settlement conference or whether they wish to have a different magistrate judge conduct the conference.

2. Plaintiff's motion for the appointment of counsel (ECF No. 99) is denied without prejudice.

Dated: September 9, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB Prisoner Inbox/Civil Rights/R/hern2195.sett conf