IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR N. HERNANDEZ,<br><br>                              Plaintiff,<br><br>     v.<br><br>A. CONSTABLE, et al.,<br><br>                            Defendants. | Case No. 2:19-cv-2195 DJC DB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The parties filed pretrial statements. (ECF Nos. 124, 127.) Before the court is plaintiff's motion for discovery. (ECF No. 123.) For the reasons set forth below, this court will deny plaintiff's motion and order defendants to confirm that they properly disclosed the experts identified in their pretrial statement to plaintiff.

**BACKGROUND**

In a Further Scheduling Order issued June 27, 2023, this court set deadlines of August 23, 2023 for disclosure of expert witnesses and September 23 for completion of any discovery regarding those experts. (ECF No. 111.) In addition, this court set a deadline of October 26, 2023 for plaintiff's pretrial statement and November 9 for defendants' statement. In August 2023, this court granted defendants' request for extensions of those deadlines: October 10 for

expert witness disclosures, November 9 for expert discovery, December 11 for plaintiff's pretrial statement, and December 29 for defendants' pretrial statement. (ECF No. 114.)

On December 8, 2023, defendants sought another extension of time. (ECF No. 118.) They sought to extend the August 23 deadline for disclosure of expert witnesses and all subsequent deadlines. Defendants argued that they had diligently litigated the case and only failed to file a timely motion for an extension of time due to a calendaring error. This court took issue with defendants' characterization of their litigation of this case as diligent. (ECF No. 121.) Nonetheless, this court granted defendants' motion in part by extending the deadline for identifying expert witnesses to January 19, 2024 and extending all subsequent deadlines.

On January 18, 2024, plaintiff constructively[1] filed a document entitled "Motion for Discovery Related to Expert Disclosures." (ECF No. 123.) Plaintiff states that the three prison employees he lists are "witnesses who are required to provide written reports and may provide expert testimonies following the March 9, 2018 incident." (Id. at 2.) The listed employees are Officer Terrazas, Litigation Coordinator E. Takehara, and Registered Nurse Arnel de Leon. Attached to plaintiff's motion is a request to the Clerk of the Court for the subpoena forms to request documents under Rule 45(a) from Terrazas and Takehara. (Id. at 5.) Defendants did not file a response to plaintiff's discovery motion.

Plaintiff filed his pretrial statement on March 11. (ECF No. 124.) In his statement, plaintiff lists Terrazas, Takehara, and de Leon as "retained witnesses."

On March 25, defendants sought yet another extension of time to file their pretrial statement. The court granted that request and defendants' filed their statement on April 23. (ECF No. 127.) The witness list in defendants' statement includes nine prospective witnesses who are each designated as a "non-retained expert witness." (Id. at 12-13.)

## DISCUSSION

With respect to plaintiff's motion for discovery, in his description of the potential testimony of the three witnesses he identifies, it is apparent that plaintiff is attempting to identify them as

---

[1] Under the "mailbox rule," the court considers the date a prisoner turns over his filing to prison authorities for mailing as the filing date. See Houston v. Lack, 487 U.S. 266, 270 (1988).

percipient, not expert, witnesses.  Plaintiff also included them in his pretrial statement.  Plaintiff is advised that the "expert discovery" referred to in the court's Further Scheduling Order is meant to permit the parties to seek discovery regarding experts identified by the other party.  The expert discovery is not intended to permit a party to conduct discovery for any of their own witnesses.  Accordingly, plaintiff's motion to conduct discovery regarding these witnesses is denied.  To the extent plaintiff seeks discovery in his pretrial statement, that request is denied as well.

If plaintiff wishes to have Terrazas, Takehara, and de Leon testify on his behalf at trial, he should carefully review the June 27, 2023 Further Scheduling Order (ECF No. 111) for the procedures for their attendance at trial.

Based on plaintiff's confusion regarding identification of expert witnesses, this court wants to confirm that defendants provided plaintiff with the names of their expert witnesses by the January 19 deadline.

For the foregoing reasons, IT IS HEREBY ORDERED that

1. Plaintiff's motion for discovery (ECF No. 123) is denied; and
2. Within ten days of the date of this order, defendants shall file a confirmation that they provided plaintiff with the names of their expert witnesses by the January 19 deadline.

Dated:  June 18, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/hern2195.disc mtn