UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR N. HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. CONSTABLE, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-02195-DC-SCR (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO WEAR CIVILIAN CLOTHING AND DENYING PLAINTIFF'S REQUEST TO NOT BE SHACKLED DURING TRIAL<br><br>(Doc. No. 145) |

Plaintiff Cesar N. Hernandez is appearing *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Pending before the court is Plaintiff's requests that he not be shackled before the jury during the trial and that he be permitted to wear civilian clothing (jeans and a shirt) for the trial. (Doc. No. 145 at 2.) On August 1, 2025, a hearing was held on Plaintiff's requests. Plaintiff appeared on behalf of himself. Attorney Brian Chan appeared on behalf of Defendants. Correctional Officer Walter William Mayfield appeared as a witness to provide evidence related to the individualized need for Plaintiff to be shackled or otherwise restrained during the jury trial.

**DISCUSSION**

A court must balance the potential risks prisoners place on courtroom security and the need "to maintain a judicial process that is a dignified process." *Illinois v. Allen*, 397 U.S. 337, 343 (1970); *Deck v. Missouri*, 544 U.S. 622, 631 (2005); *see Morgan v. Bunnell*, 24 F.3d 49, 51

1

(9th Cir. 1994) ("The judge has wide discretion to decide whether a defendant who has a propensity for violence poses a security risk and warrants increased security measures.").

In *Claiborne v. Blauser*, 934 F.3d 885 (9th Cir. 2019), the Ninth Circuit "recognized the prejudicial effect shackling has on inmates proceeding pro se in civil cases." *United States v. Yandell*, No. 19-cv-00107-KJM, 2020 WL 5982096, at *2 (E.D. Cal. Oct. 8, 2020) (citing *Claiborne*, 934 F.3d at 901). The Ninth Circuit held that an inmate may only be visibly shackled during a civil proceeding "when there is an 'individualized security determination' that 'take[s] account of the circumstances of the particular case.'" *Claiborne*, 934 F.3d at 900 (quoting *Deck* 544 U.S. at 632). *Claiborne* calls for a two-step analysis. *Id*. at 895. First, the court must be persuaded by compelling circumstances that the measure is necessary to maintain security. *Id*. Second, the court must pursue less restrictive alternatives before imposing physical restraints. *Id*. Compelling circumstances may include a prisoner's status, propensity for violence, and history of unruly conduct. *Wilson v. McCarthy*, 770 F.2d 1482, 1485 (9th Cir. 1985).

Here, Plaintiff contends he has no history of violence towards prison staff and notes his disciplinary history is negligible despite being incarcerated in seven prisons. (Doc. No. 145 at 2.) During the August 1, 2025 hearing, Officer Mayfield testified and confirmed that Plaintiff's central file did not reflect any incidents between Plaintiff and prison staff, and that Plaintiff was involved in a fight with another inmate in 2018. Officer Mayfield Officer also testified that Plaintiff was serving a life sentence due to his conviction for having committed the offense of murder. Based on his experience as a correctional officer, specifically his fifteen years as a transportation officer, and his knowledge of the transportation policies of the California Department of Corrections and Rehabilitation ("CDCR"), Officer Mayfield recommended Plaintiff be restrained by leg and waist chains during trial.

Having considered the evidence presented at the hearing, in particular the length of his sentence and his history of, and propensity for, violence as shown by his underlying conviction, the court finds a sufficient basis to order the use of limited restraints during the trial. *See Jones v. Mora*, No. 20-cv-04093-TSH, 2022 WL 17365253, at *6 (N.D. Cal. Dec. 1, 2022) ("Plaintiff's lengthy sentence also supports the need for shackling."); *McCurdy v. Kernan*, No. 17-cv-01356-

2

SAB, 2022 WL 198546, at *2 (E.D. Cal. Jan. 21, 2022) (same). During trial, Plaintiff will be restrained with leg irons attached to a cement bucket under the counsel table, which will have a skirt to block the jury's view. Plaintiff's hands and waist will not be shackled during the trial or while testifying. However, officers may use hand and waist chains in transporting Plaintiff to/from the courtroom or witness stand but must do so outside the presence of the jury. If Plaintiff's conduct warrants reconsideration of the use of these limited restraints, the court may order additional restraints.

As for Plaintiff's request to wear civilian clothing, the court finds Plaintiff's request appropriate. *See Hwa Sung Sim v. Duran*, No. 16-cv-01051-SAB, 2019 WL 4571944, at *4 (E.D. Cal. Sep. 20, 2019) (permitting plaintiff to wear their civilian clothing in the courtroom during trial). Plaintiff or someone on his behalf, will be permitted to bring clothing to the court on the morning of trial. The clothing will be subject to inspection and search by CDCR and the United States Marshal Service.

## CONCLUSION

For the reasons explained above:

1. Plaintiff's request to wear his own civilian clothing during trial (Doc. No. 145) is GRANTED;
2. Plaintiff, or someone on his behalf, is permitted to bring clothing to court on the morning of trial;
3. The clothing will be subject to inspection and search by the California Department of Corrections and Rehabilitation and the United States Marshal Service;
4. Plaintiff's request to not be shackled during the trial (Doc. No. 145) is DENIED;
5. Plaintiff will be restrained by use of leg irons attached to a cement bucket under the table and his restraints will not be visible to the jury; and

/////
/////
/////
/////

3

6. The jury will not be present when Plaintiff enters and exits the courtroom or when he takes or leaves the witness stand.

IT IS SO ORDERED.

Dated: __**August 4, 2025**__

_____
Dena Coggins
United States District Judge

4