UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR N. HERNANDEZ, | No. 2:19-cv-02195-DC-SCR |
| Plaintiff, | |
| v. | ORDER |
| A. CONSTABLE, et al., | (Doc. Nos. 152, 155, 159, 161) |
| Defendants. | |

Plaintiff Cesar N. Hernandez is a state prisoner appearing *pro se* and in *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter will proceed to jury trial on October 20, 2025, on Plaintiff's claim against Defendants A. Constable, S. Sharma, and J. Serwanga for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Plaintiff has filed several documents (styled as objections, motions, and requests) concerning the upcoming trial. (Doc. Nos. 152, 155, 159, 161.) The court addresses Plaintiff's filings below.

**A.      Plaintiff's Objection and Motion (Doc. No. 152)**

On August 18, 2025, Plaintiff filed an "objection and motion" requesting the court permit him to introduce as trial exhibits the court's findings and recommendations and order issued on April 27, 2022, and August 5, 2022, respectively, in which the court denied Defendants' motion

1

1 for summary judgment. (Doc. No. 152.)

2 A court may grant summary judgment on a claim if the moving party shows "[t]here is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court, not jury, is tasked with ruling on a summary judgment motion. *Id*. The standard the court applies in deciding a motion for summary judgment is different from the standard the jury must apply in deciding the claim here. *See Shoraka v. Bank of Am., N.A.*, No. 23-cv-00309-DOC, 2024 WL 3468756, at *4 (C.D. Cal. Jan. 18, 2024) (finding the inclusion of the court's prior orders on dispositive motions likely to confuse the jury and unduly prejudice the defendant). Accordingly, the court will deny Plaintiff's request to introduce the court documents at issue on relevancy grounds. Fed. R. Evid. 401. Even if the evidence was relevant, the court documents would be excluded pursuant to Federal Rule of Evidence 403, as the probative value of those court documents is substantially outweighed by the potential for confusing the issues and misleading the jury.

**B.     Plaintiff's Objection and Pretrial Motion (Doc. No. 155)**

On September 2, 2025, Plaintiff filed an "objection and pretrial motion" requesting the court strike Defendants' affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). (Doc. No. 155.) Plaintiff also objects to Defendants' substitution of a witness on their witness list. (*Id.*) Specifically, Plaintiff objects to the substitution of Elizabeth Campos as a trial witness because Ms. Campos was not listed as a witness in the court's final pretrial order. (*Id.* at 4–5.)

Federal Rule of Civil Procedure 12(f) provides:

> "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, *within 21 days after being served* with the pleading."

Fed. R. Civ. P. 12(f)(2) (emphasis added). Because a response to an answer is not allowed, a motion to strike affirmative defenses raised in an answer must be filed within 21 days after service of the answer. Here, Defendants properly raised their affirmative defenses in their answer, and Plaintiff did not timely file a motion to strike. (Doc. No. 29 at 4–6.) Therefore, Plaintiff's motion to strike will be denied as untimely.

2

1   As to the substitution of Ms. Campos on Defendants' witness list, Ms. Campos is no
2   longer identified as a witness on Defendants' updated trial witness list, filed on October 10, 2025.
3   (Doc. No. 166.) Accordingly, Plaintiff's objection to Defendants calling Ms. Campos as a witness
4   will be denied as having been rendered moot by Defendants' updated witness list.

**C.     Plaintiff's Request for Subpoena (Doc. No. 159)**

On September 22, 2025, Plaintiff filed a request for the court to issue a subpoena for inmate Realious Cyprian to appear as a trial witness. (Doc. No. 159.) On September 26, 2025, Defendants filed an opposition to Plaintiff's request. (Doc. No. 162.) In general, Defendants assert Plaintiff failed to list Mr. Cyprian as a potential trial witness during discovery and in his pretrial filings. (*Id*.)

In the final pretrial order, the court noted that other than the potential witnesses listed in the order, no other witness will be permitted to testify unless: (1) the witness could not reasonably have been discovered prior to pretrial; (2) the court and the opposing party were promptly notified upon discovery of the witnesses; (3) if time permitted, the party proffered the witness for deposition; and (4) if time did not permit, a reasonably summary of the witnesses' testimony was provided to the opposing party. (Doc. No. 146 at 6.) Mr. Cyprian is not listed in the final pretrial order, and Plaintiff has not made the necessary showing described in the final pretrial order to permit him to testify.

Accordingly, Plaintiff's request for a subpoena is denied.

**D.     Plaintiff's Request for Jury Instructions (Doc. No. 161)**

On September 22, 2025, Plaintiff filed a request for the court to send him jury instructions for the trial. (Doc. No. 161.) The court will grant Plaintiff's request as consistent with the court's trial procedures. The court will provide all parties with a copy of the civil jury instructions during the trial.

Accordingly, for the reasons explained above:

1.  Plaintiff's objection and motion to permit him to introduce the court's orders as evidence (Doc. No. 152) is DENIED;

2.  Plaintiff's motion to strike Defendants' affirmative defenses (Doc. No. 155) is

DENIED;

3. Plaintiff's objection to Elizabeth Campos being called by Defendants at trial (Doc. No. 155) is DENIED as having been rendered moot;

4. Plaintiff's request for subpoena (Doc. No. 159) is DENIED; and

5. Plaintiff's request for jury instructions (Doc. No. 161) is GRANTED.

IT IS SO ORDERED.

Dated: __**October 15, 2025**__

Dena Coggins
United States District Judge

4