UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR N. HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>A. CONSTABLE, et al.,<br><br>Defendants. | No. 2:19-cv-02195-DC-SCR (PC)<br><br>RULINGS ON MOTIONS *IN LIMINE*<br><br>(Doc. Nos. 158, 160) |

This matter is before the court on the motions *in limine* filed by Plaintiff Cesar N. Hernandez (Doc. No. 160) and Defendants A. Constable, S. Sharma, and J. Serwanga (Doc. No. 158). For the reasons explained below, the court rules on certain of the parties' motions *in limine* in this order and will reserve ruling on the other motions.

**BACKGROUND**

Plaintiff is a state prisoner appearing *pro se* and in *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter will proceed to jury trial on October 20, 2025, on Plaintiff's claim against Defendants for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Doc. No. 146.) On September 22, 2025, the parties filed the instant motions *in limine*. (Doc. Nos. 158, 160.) On October 6, 2025, Defendants filed an opposition to Plaintiff's motion *in limine*. (Doc. No. 163.) On October 14, 2025, Plaintiff filed an opposition to Defendants' motions *in limine*. (Doc. No. 170.)

## LEGAL STANDARD

"A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citing Black's Law Dictionary 803, 1038–39 (8th ed. 2004)). Like other pretrial motions, motions *in limine* "are useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (quoting *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986)). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citations omitted).

"In many instances, rulings 'should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context.'" *Vargas v. Lopez*, No. 23-cv-02490-TSH, 2025 WL 2800196, at *1 (N.D. Cal. Sep. 30, 2025) (quoting *U.S. v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016)); *see Williams v. Castro*, No. 20-cv-01617-SAB, 2023 WL 2432770, at *1 (E.D. Cal. Mar. 9, 2023) (noting that "some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion *in limine* and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury") (citing *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

Moreover, *in limine* rulings are not binding on the court, and the court may change its ruling during trial. *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see City of Pomona*, 866 F.3d at 1070 ("The district court may change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling.") (quoting *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999)).

## DISCUSSION

**A.    Plaintiff's Motion *in Limine***

Plaintiff brings one motion *in limine* requesting an evidentiary hearing on whether the court should exclude "any reference [to his] conviction or any criminal records or disciplinary

history for the sole purpose of impeachment, in front of the jury." (Doc. No. 160 at 3.) If the court denies his motion, Plaintiff is willing to stipulate to his first-degree murder conviction.[1] (*Id*. at 2–3.) In opposition, Defendants contend the court should deny Plaintiff's motion because his criminal conviction is admissible under Federal Rule of Evidence 609.[2] (Doc. No. 163.) As for his request to exclude reference to his disciplinary history, Defendants assert that evidence should be admitted "to the extent it is relevant." (*Id*.) Defendants indicate their willingness to limit their references to Plaintiff's criminal conviction and his prison disciplinary history. (*Id*.)

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness. Fed. R. Evid. 609(a)(1)(A). Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or release from confinement, whichever is later. Fed. R. Evid. 609(b).

Plaintiff's motion is denied in part as to his request for an evidentiary hearing and to exclude evidence of Plaintiff's conviction. Evidence of Plaintiff's conviction can be used for impeachment purposes, but introduction of that evidence must be limited in scope. Specifically, Defendants may introduce evidence that Plaintiff was convicted of a crime that was punishable by imprisonment for over one year and he is currently serving a sentence for that conviction. However, Defendants may not introduce evidence relating to the nature of the crime, the length of his sentence, or the date he was convicted, as the probative value of that evidence is substantially outweighed by danger of unfair prejudice.

The court will reserve ruling on Plaintiff's motion to exclude his prison disciplinary records, as the court can better address relevancy objections during trial.

---

[1] It is unclear from the motion whether Plaintiff is willing to offer a stipulation relating to his disciplinary history. For the purposes of this motion, the court assumes his willingness to offer a stipulation only relates to his murder conviction. The parties should inform the court on the first day of trial if they have reached further factual stipulations.

[2] Defendants' opposition makes clear that any references to Plaintiff's criminal history will be related to his first-degree murder conviction. (Doc. No. 163.) Therefore, this ruling applies to that conviction only.

3

**B.     Defendants' Motions** *in Limine*

Defendants bring the following nine motions *in limine*.

1.      Defendants' Motion *in Limine* No. 1

In their first motion *in limine*, Defendants seek an order precluding Plaintiff from interpreting or opining about his medical or mental health conditions, treatment, and/or records concerning his alleged injuries. (Doc. No. 158 at 3.) Defendants contend Plaintiff is not qualified to offer such testimony under Federal Rule of Evidence 702. (*Id*. at 3–4.)

A lay witness may testify to opinions that are: (1) "rationally based on the witness's perception;" (2) "helpful to clearly understanding the witness's testimony or to determining a fact in issue;" and (3) "not based on scientific, technical, or other specialized knowledge" within the scope of expert testimony. Fed. R. Evid. 701. As a lay witness, Plaintiff is precluded from testifying about matters that require scientific, technical, or other specialized knowledge. However, Plaintiff may testify about his personal experiences, including how he felt and what he observed relating to his medical needs or condition. Accordingly, the motion is granted.

2.      Defendants' Motion *in Limine* No. 2

Defendants request the court preclude Plaintiff from introducing his medical or mental health records on the grounds that they lack foundation, are inadmissible hearsay, and can only be offered or explained by a medical or mental health expert. (Doc. No. 158 at 5.) In support of their request, Defendants identify several exhibits Plaintiff may attempt to admit into evidence. (*Id*.) Plaintiff opposes the motion and contends the evidence at issue is "exculpatory." (Doc. No. 170 at 2.)

The court will reserve ruling on the admissibility of Plaintiff's medical or mental health records until trial. If Plaintiff seeks to introduce those records, he will be required to lay the proper foundation and provide an appropriate exception to the hearsay rule. As already noted, Plaintiff will not be permitted to testify about matters that require scientific, technical, or other specialized knowledge.

3.      Defendants' Motion *in Limine* No. 3

Defendants next request the court preclude Plaintiff from questioning any prison official

1  concerning their marital status, family status, or personal relationships outside the prison setting.
2  (Doc. No. 158 at 5.) Defendants argue that such information is not relevant to whether
3  Defendants violated Plaintiff's constitutional rights. (*Id*.) Evidence is relevant if "it has any
4  tendency to make a fact more or less probable than it would be without the evidence" and that
5  fact "is of consequence in determining the action." Fed. R. Evid. 401. Only relevant evidence is
6  admissible. Fed. R. Evid. 402. Here, information concerning prison official's marital status,
7  family status, or personal relationships outside the prison setting is not relevant to the claim or
8  defenses raised in this case.

9   Accordingly, the motion is granted.

10   4.  Defendants' Motion *in Limine* No. 4

11  Defendants request Plaintiff be precluded from introducing evidence or questioning any
12  prison official concerning prior complaints, incidents, disciplinary matters, or past litigation as
13  irrelevant and improper character evidence. (Doc. No. 158 at 7–8.) Plaintiff opposes Defendants'
14  request. (Doc. No. 170 at 3.) Plaintiff argues he should be allowed to elicit testimony from
15  another inmate who filed an unrelated civil case against Defendant Constable because "Federal
16  Rule Proc. 607, 608, 609 should apply in this case." (*Id.*)

17   In general, "[e]vidence of a person's character or character trait is not admissible to prove
18  that on a particular occasion the person acted in accordance with the character or trait." Fed. R.
19  Evid. 404(a)(1). Likewise, "[e]vidence of any other crime, wrong, or other act is not admissible to
20  prove a person's character in order to show that on a particular occasion the person acted in
21  accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may be admissible for
22  other purposes, such as "proving motive, opportunity, intent, preparation, plan, knowledge,
23  identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Plaintiff has not
24  identified any of these purposes as a basis to admit evidence of other wrongs or acts.

25   Here, prior complaints, incidents, disciplinary matters, or litigation relating to a prison
26  official that is not related to the May 9, 2018 incident is not relevant to the claim raised in this
27  case and would be impermissible character evidence. Further, any probative value is substantially
28  outweighed by danger of unfair prejudice, misleading the jury, and confusion of issues.

Based on Plaintiff's opposition, it appears Plaintiff intends to use this evidence for impeachment purposes only. Because there is no indication that the evidence at issue involves a criminal conviction, Federal Rule of Evidence 609 does not apply. As for Federal Rule of Evidence 608, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). However, on cross examination, the court may "[a]llow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about." Fed. R. Evid. 608(b)(1). Accordingly, the court will grant the motion in part to exclude the evidence for all purposes besides impeachment. The court reserves ruling on whether this evidence may be used for impeachment purposes until trial.

5.   Defendants' Motion *in Limine* No. 5

Defendants request the court prevent Plaintiff from referencing—through arguments, testimony, evidence, or through other means—a "code of silence" or "alliance" among correctional officers and other officials, or related concepts such as "the green wall." (Doc. No. 158 at 9.) Defendants argue these terms are irrelevant to the claims at issue and unduly prejudicial. (*Id*. at 9–10.) The court finds a ruling on this issue is premature. It is unclear how Plaintiff intends to use these terms, if at all, during trial. The court is unable to predict the impact of these terms without further context.

Accordingly, the court will reserve ruling on the motion until trial.

6.   Defendants' Motion *in Limine* No. 6

In their sixth motion *in limine*, Defendants request that the court permit them to reserve testimony concerning their financial net worth until after Plaintiffs' entitlement to punitive damages has been established. (Doc. No. 158 at 11.)

However, Defendants' request has already been addressed in the court's final pretrial order. (Doc. No. 146.) Therein, the court stated that "[s]hould the jury determine that a defendant is liable and punitive damages are appropriate, the amount of punitive damages will be bifurcated to the extent that evidence on the point of a defendant's financial status or net worth will be

1  introduced only after such a finding." (Doc. No. 146 at 10.)

2  Accordingly, the motion is denied as moot.

3      7.    <u>Defendants' Motion *in Limine* No. 7</u>

4  Defendants seek an order precluding Plaintiff from testifying or mentioning in front of the jury any offers, compromises, or statements made during settlement negotiations because such testimony is prohibited under Federal Rule of Evidence 408. (Doc. No. 158 at 12.) In opposition, Plaintiff argues the court should not grant Defendants' motion because "evidence maybe admissible under 408(b)." (Doc. No. 170 at 3.)

9  Federal Rule of Evidence 408 provides that evidence of offers to compromise and conduct or statements made during settlement negotiations are inadmissible if offered "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408. "Federal Rule of Evidence 408(a)(1) expressly prohibits the admission of evidence of settlement negotiations to establish liability." *Lane v. Beach*, No. 20-cv-00147-JLT-GSA, 2023 WL 5183685, at *3 (E.D. Cal. Aug. 11, 2023). However, "[t]he court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b). Because Plaintiff has not identified any of these purposes under Rule 408(b) as a basis to introduce evidence of offers, compromises, or statements made during settlement negotiations, the court will preclude Plaintiff from introducing this evidence until such a showing has been made.

21  Accordingly, the motion is granted.

22      8.    <u>Defendants' Motion *in Limine* No. 8</u>

23  Defendants seek to prelude Plaintiff from testifying and introducing evidence regarding Defendants' motion for summary judgment or the court's subsequent order denying that motion. (Doc. No. 158 at 13.) Defendants also seek to exclude testimony and evidence concerning any dismissed claims. (*Id*.) Plaintiff opposes Defendants' requests and argues he should be allowed to make an argument about Defendants' affirmative defense of qualified immunity. (Doc. No. 170 at 4.) The court has already denied Plaintiff's request to permit him to introduce as trial exhibits the

7

court's findings and recommendations and order issued on April 27, 2022, and August 5, 2022, respectively, in which the court denied Defendants' motion for summary judgment. (Doc. No. 171.) Evidence concerning dismissed claims is not relevant. To the extent Plaintiff is seeking to argue the issue of qualified immunity to the jury, it is important to note that the court, not the jury, decides the legal issue of qualified immunity. *See Morales v. Fry*, 873 F.3d 817, 824 (9th Cir. 2017) (recognizing that the issue of qualified immunity "is a legal issue for the judge to decide").

Accordingly, the motion is granted.

9. Defendants' Motion *in Limine* No. 9

Defendants request the court preclude Plaintiff from introducing into evidence any declaration not timely disclosed to Defendants by the August 22, 2025 deadline set by the court at the trial confirmation hearing. (Doc. No. 158 at 14.) Defendants further object to the admission of the declarations of Ms. Takehara and Dr. Feinberg on hearsay grounds.

The motion is granted, in part. Plaintiff may not introduce any declaration that was not timely disclosed to Defendants. To the extent Plaintiff seeks to introduce the declarations of Ms. Takehara and Dr. Feinberg, the court will rule on those objections during trial.

**CONCLUSION**

For the reasons explained above:

1. Plaintiff's motion *in limine* (Doc. No. 160) is DENIED in part; and
2. Defendants' motion *in limine* No. 1 (Doc. No. 158) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated:  **October 17, 2025**

Dena Coggins
United States District Judge