UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR N. HERNANDEZ, | No. 2:19-cv-02195-DC-SCR |
| Plaintiff, | |
| v. | FINAL JURY INSTRUCTIONS |
| A. CONSTABLE, et al., | |
| Defendants. | |

**INSTRUCTION NUMBER 1**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the parties, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**INSTRUCTION NUMBER 2**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

3

**INSTRUCTION NUMBER 3**

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

# INSTRUCTION NUMBER 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the parties have stated them in their arguments, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NUMBER 5**

Plaintiff is representing himself in this trial. This fact must not affect your consideration of the case. Self-represented parties and parties represented by an attorney are entitled to the same fair consideration.

Because Plaintiff is acting as his own lawyer, you have heard him speak at various times during the trial. He made an opening statement and closing argument and asked questions of witnesses, made objections, and argued legal issues to the court. I want to remind you that when Plaintiff spoke in these parts of the trial, he was acting as his own advocate, and his words are not evidence. The only evidence in this case comes from witnesses who testified under oath on the witness stand or by deposition and from exhibits that are admitted into evidence. When Plaintiff testified, you should treat that testimony just as you would the testimony of any other witness.

.

# INSTRUCTION NUMBER 6

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the parties have agreed; and

4.    any facts that I have instructed you to accept as proved.

**INSTRUCTION NUMBER 7**

Some evidence may have been admitted only for a limited purpose.

When I instructed you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

1

**INSTRUCTION NUMBER 8**

2

3       Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as

4   testimony by a witness about what that witness personally saw or heard or did. Circumstantial

5   evidence is proof of one or more facts from which you could find another fact. You should

6   consider both kinds of evidence. The law makes no distinction between the weight to be given to

7   either direct or circumstantial evidence. It is for you to decide how much weight to give to any

8   evidence.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NUMBER 9**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NUMBER 10**

The evidence that a witness has been convicted of a crime, has lied under oath on a prior occasion, or has said something that is inconsistent with the witness's present testimony may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**INSTRUCTION NUMBER 11**

You have heard testimony from a witness who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

1

**INSTRUCTION NUMBER 12**

2

3    Plaintiff brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that

4    any person or persons who, under color of state law, deprives another of any rights, privileges, or

5    immunities secured by the Constitution or laws of the United States shall be liable to the injured

6    party.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NUMBER 13**

In order to prevail on a § 1983 claim against a defendant, Plaintiff must prove each of the following elements by a preponderance of the evidence:

      1.     the defendant acted under color of state law; and

      2.     the act, or failure to act, of the defendant deprived Plaintiff of particular rights under the United States Constitution as explained in later instructions; and

      3.     the defendant's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find Plaintiff has proved each of these elements, and if you find Plaintiff has proved all the elements he is required to prove under Instruction Number 14, your verdict should be for Plaintiff. If, on the other hand, you find that Plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

1

**INSTRUCTION NUMBER 14**

2

3      As previously explained, the Plaintiff has the burden of proving that the acts or failures to

4  act of Defendants Constable, Serwanga, and Sharma deprived Plaintiff of particular rights under

5  the United States Constitution. In this case, Plaintiff alleges Defendants Constable, Serwanga, and

6  Sharma deprived him of his rights under the Eighth Amendment to the Constitution when

7  Defendants acted with deliberate indifference to his serious medical need by ignoring Plaintiff's

8  requests for his blood pressure medication on March 9, 2018.

9      Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel

10  and unusual punishments." This includes the right to not have a correctional officer be

11  deliberately indifferent to a prisoner's serious medical need. To prove a defendant deprived

12  Plaintiff of this right, Plaintiff must prove the following additional elements by a preponderance

13  of the evidence:

14      First, Plaintiff faced a serious medical need;

15      Second, the defendant was deliberately indifferent to that medical need, that is, the

16  defendant knew of it and disregarded it by failing to take reasonable measures to address it; and

17      Third, the act or failure to act of the defendant caused harm to Plaintiff.

18      "Deliberate indifference" is the conscious choice to disregard the consequences of one's

19  acts or omissions.

20

21

22

23

24

25

26

27

28

15

**INSTRUCTION NUMBER 15**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendants. You should consider the following:

A.    The nature and extent of the injuries;

B.    The mental, physical, and emotional pain and suffering experienced

C.    The reasonable value of necessary medical care, treatment, and services received to the present time;

D.    The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

# INSTRUCTION NUMBER 16

The law that applies to this case authorizes an award of nominal damages. If you find for Plaintiff but you find that Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**INSTRUCTION NUMBER 17**

If you find for Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find the defendants' conduct that harmed Plaintiff was malicious, oppressive or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights, or if the defendants' acts in the face of a perceived risk that their actions will violate Plaintiff's rights under federal law. An act or omission is oppressive if the defendant injure or damage or otherwise violate the rights of Plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of Plaintiff.

**INSTRUCTION NUMBER 18**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NUMBER 19**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or

1   investigation outside the courtroom, or gain any information through improper communications,

2   then your verdict may be influenced by inaccurate, incomplete or misleading information that has

3   not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial

4   jury, and if you decide the case based on information not presented in court, you will have denied

5   the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very

6   important that you follow these rules.

7          A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

8   mistrial could result that would require the entire trial process to start over. If any juror is exposed

9   to any outside information, please notify the court immediately.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NUMBER 20**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

22

**INSTRUCTION NUMBER 21**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.