UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR N. HERNANDEZ, | No. 2:19-cv-02195-DC-SCR (PC) |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR REVIEW OF THE CLERK'S ACTION TAXING COSTS |
| A. CONSTABLE, et al., | |
| Defendants. | (Doc. No. 200) |

Plaintiff Cesar N. Hernandez, who is incarcerated in a California state prison, filed this case against Defendants alleging civil rights violations under the Eighth Amendment. (Doc. No. 13.) The case proceeded to a jury trial on October 20, 2025, and the jury found in favor of Defendants. On October 24, 2025, the court entered judgment against Plaintiff and in favor of Defendants. (Doc. No. 191.) On November 3, 2025, Defendants submitted a bill of costs amounting to $763.05. (Doc. No. 193.) On November 17, 2025, the Clerk of the Court taxed costs against Plaintiff in the amount of $763.05. (Doc. No. 196.)

On December 1, 2025, Plaintiff served by mail a "motion under Federal Rule of Civil Procedure Rule 28 USCS 1915(a)(2) fee waiver and costs" which the court construes as a motion

1

for review of the Clerk's action taxing costs.[1] (Doc. No. 200.) On March 19, 2026, the court issued an order directing Defendants to file either an opposition or statement of non-opposition to Plaintiff's motion by no later than April 3, 2026. (Doc. No. 203.) On April 3, 2026, Defendants filed an opposition to Plaintiff's motion. (Doc. No. 204.) On April 16, 2026, Plaintiff filed a reply, which Plaintiff styled as objection and motion to Defendants' opposition. (Doc. No. 206.)

For the reasons that follow, Plaintiff's motion will be granted, costs will be denied, and the Clerk's cost award will be stricken.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54 provides in relevant part: "Unless . . . a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party" and " [t]he clerk may tax costs on 14 days' notice." Fed. R. Civ. P. 54(d)(1). The court may review the clerk's action imposing costs if a party challenges the action by a motion served within seven days. Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party but also grants district courts discretion to refuse to award costs. *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016); *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014). The Ninth Circuit has found the following reasons appropriate to deny award costs : "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Draper*, 836 F.3d at 1087 (citing *Escriba*, 743 F.3d at 1247–48.) Each of these reasons is an appropriate ground to deny costs or reduce the amount of costs awarded to a prevailing party.

---

[1] The Clerk of the Court filed Plaintiff's motion on December 11, 2025. (Doc. No. 200.) However, under the prisoner mailbox rule, a prisoner is deemed to have filed a document "at the time [the [prisoner] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing mailbox rule for prisoner's filing of appeal); *see Roman v. Jackson*, No. 23-cv-00671-KES-SAB, 2026 WL 249430, at *1 (E.D. Cal. Jan. 30, 2026) (applying the prisoner mailbox rule to plaintiff's motion for reconsideration and finding the motion was still untimely.) Here, the accompanying proof of service to Plaintiff's motion indicates he served the motion by mail on December 1, 2025. (Doc. No. 200 at 15.) Therefore, the effective date of filing of Plaintiff's motion is December 1, 2025.

2

*Draper*, 836 F.3d at 1089.

Further, the Ninth Circuit has held that a party may demand judicial review of a cost award only if such a party has filed a proper motion within the time specified. Fed. R. Civ. P. 54(d)(1); *Walker v. California*, 200 F.3d 624, 626 (9th Cir. 1999). However, a court may extend the time limit if good cause exists pursuant to Federal Rule of Civil Procedure 6(b). *Jack v. Pearson*, No. 17-cv-00520-AWI-SAB, 2020 WL 5257605, at *2 (E.D. Cal. Sep. 3, 2020) (citing *Cosgrove v. Sears, Roebuck, & Co.*, 191 F.3d 98, 101 (2d Cir. 1999)). Pursuant to Local Rule 292(e), the time to file a request for review of the Clerk's cost award is "seven (7) days after notice of the taxing of costs has been served." *See* Local Rule 292(e).

## DISCUSSION

As a preliminary matter, the court will first address whether Plaintiff's motion is timely. Plaintiff filed the motion on December 1, 2025, seven days after the motion was due. (Doc. No. 200.) Although Plaintiff missed the deadline by one week, no prejudice is apparent to Defendants. Therefore, the court finds an extension of time under Rule 6(b)(2) is warranted. *See Jack*, 2020 WL 5257605, at *3 (finding an extension of time under Rule 6(b)(2) would be appropriate given the seven-day deadline was only missed by four days and that no prejudice was apparent to defendant); *Mort v. Brennan*, No. 19-cv-00652-JLT-SKO, 2023 WL 8272208, at *2 (E.D. Cal. Nov. 30, 2023) (finding a "delay of four days past the deadline is so minor that the [c]ourt nonetheless will consider [p]laintiff's specific objections" to the bill of costs). Consequently, the court finds Plaintiff's motion is properly before the court.

The court finds appropriate reasons to deny an award of costs in this case. "Individual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners." *Draper*, 836 F.3d at 1088; *see Taylor v. Medina*, No. 19-cv-00450-DJC-CSK, 2025 WL 73036, at *2 (E.D. Cal. Jan. 10, 2025) (finding a denial of costs is appropriate because among other reasons "Plaintiff's claims present an important issue, an Eighth Amendment violation."). Although ultimately unsuccessful, Plaintiff brought this case against Defendants under the Eighth Amendment raising important issues about the medical care of prisoners.

The closeness and difficulty of the issues in the case also favor a denial of an award of

3

costs in this case. On August 5, 2022, the court denied Defendants' motion for summary judgment. (Doc. No. 97.) "[S]imilar to the plaintiff in *Draper*, Plaintiff's case was close because his case survived summary judgment with respect to at least one claim." *Taylor*, , 2025 WL 73036, at *2; *see King v. Biter*, No. 15-cv-00414-JLT-SAB, 2023 WL 3752530, at *3 (E.D. Cal. May 31, 2023) (finding "[t]here is authority to support a finding that the claims were 'close' for purposes of the relevant analysis because the case survived summary judgment in part.")

Additionally, consistent with other courts in this district, the court finds the imposition of a $763.05 cost award may have a chilling effect on future civil rights litigation from prisoners because the cost may dissuade other civil rights plaintiffs from bringing meritorious suits. *See Villareal v. Cnty. of Fresno,* No. 15-cv-01410-ADA-EPG, 2022 WL 17630790, at *1 (E.D. Cal. Dec. 13, 2022) (finding chilling effect would result from awarding $1,198.40 costs against a recently incarcerated person); *Jones v. Shute*, No. 22-cv-01384-DJC-SCR, 2025 WL 2483039, at *1 (E.D. Cal. Aug. 28, 2025) (collecting cases finding the imposition of costs would have a chilling effect on future civil rights litigants).

Lastly, Plaintiff's limited financial resources and the economic disparity between the parties favor a denial of an award of costs in this case. Plaintiff contends he is indigent and does not have the funds to pay any costs associated with this case. (Doc. No. 200 at 3–4.) Indeed, Plaintiff possesses exceptionally limited funds and owes more than $20,000.00 in restitution. (*Id*. at 17–19.) In comparison, Defendants are represented by the California Office of the Attorney General. (*See* Doc. No. 193-1 at 3.). As the Ninth Circuit has noted, "[t]here is no comparison between [an inmate plaintiff's] limited resources and those of the state of California, which bore the defense costs." *Draper*, 836 F.3d at 1089.

In sum, considering the reasons above, the court finds a denial of a cost award in this case is warranted. Accordingly, the court will grant Plaintiff's motion.

## CONCLUSION

For the reasons explained above:

1.      Plaintiff's motion for review of the Clerk's action taxing costs (Doc. No. 200) is GRANTED;

4

2.    Defendants' bill of costs (Doc. No. 193) is DENIED;

3.    The Clerk of the Court's cost award (Doc. No. 196) is STRICKEN; and

4.    This case remains closed.


        IT IS SO ORDERED.

Dated:    **June 1, 2026**                          _____
                                                    Dena Coggins
                                                    United States District Judge

5